IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:22-CV-00459-BO-RJ

**Ovis Matamoros Canales**, on behalf of himself and all others similarly situated,

Plaintiffs,

v.

**OPW Fueling Components LLC**,

Defendant.

**Order**

Defendant OPW Fueling Components, LLC, asks the court to seal two documents: a memorandum in support of its motion for sanctions (D.E. 33) and a response opposing Plaintiff Ovis Matamoros Canales's motion to disqualify counsel (D.E. 37). *See* Mots. Seal, D.E. 32 & 38.

Before granting a party's motion to seal, the court "must comply with certain substantive and procedural requirements." *Va. Dep't of State Police* v. *Wash. Post*, 386 F.3d 567, 576 (4th Cir. 2004). There are three procedural prerequisites to sealing. *Id.* First the court must give the public notice and a reasonable chance to challenge the request to seal. Second, it must "consider less drastic alternatives to sealing[.]" *Id.* And third, if it decides to grant the motion, it must make specific findings and state the reasons for its decision to seal over the alternatives. *Id.*

And "[a]s to the substance, the district court first must determine the source of the right of access with respect to each document, because only then can it accurately weigh the competing interests at stake." *Id.* A court may seal documents "if the public's right of access is outweighed by competing interests." *In re Knight Pub. Co.*, 743 F.2d 231, 235 (4th Cir. 1984). The factors the court considers in making this determination include "whether the records are sought for improper purposes, such as promoting public scandals or unfairly gaining a business advantage; whether

release would enhance the public's understanding of an important historical event; and whether the public has already had access to the information contained in the records." *Id.* The court must find that the circumstances of a motion to seal overcome both the First Amendment and common law presumption of access.

OPW contends that its motions to seal should be granted because the documents in question contain medical records of a deceased individual who is not a party to this action. Both OPW's motions have been on the public docket since March 2023, and no member of the public has opposed them. Nor has Canales responded to them.

After considering the motions to seal and the related filings, the court finds that it should grant the motions because each of the factors set out in *In re Knight Publishing Co.* is satisfied. As OPW points out, this court's Local Rules mandate that "copies of medical records shall not be open to inspection or copying by any persons, except the parties and their attorneys." Local R. Civ. P. 26.1(a)(1).

Based on this showing, the court finds that the circumstances presented by this motion overcome both the First Amendment and common law presumption of access. Additionally, although the public has had notice of the request to seal and a reasonable opportunity to oppose the motion, no objections have been filed. Finally, the court has considered less dramatic alternatives to sealing and finds that they would be inadequate to preserve the confidentiality of the nonparty's medical records.

Thus, the court grants OPW's motions to seal (D.E. 32 & 38). The court directs the Clerk of Court to permanently seal the documents at issue (D.E. 33 & 37).

Dated: July 27, 2023

*Robert T. Numbers II*
_____
Robert T. Numbers, II
United States Magistrate Judge