IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:22-CV-459-BO

| | | |
|---|---|---|
| OVIS MATAMOROS CANALES, *on behalf of himself and others similarly situated*, | ) ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) | O R D E R |
| | ) ) | |
| OPW FUELING COMPONENTS LLC, | ) ) | |
| Defendant. | ) | |

This matter comes before the Court on the memorandum and recommendation ("M&R") of United States Magistrate Judge Robert T. Numbers, II [DE 60] and defendant's motion for partial judgment on the pleadings. [DE 28]. Judge Numbers recommends that this Court grant defendant's motion for partial judgment on the pleadings. Plaintiff has filed objections to the M&R, defendant has responded to plaintiff's objections, and the matter is ripe for disposition.[1] Also pending and ripe for disposition is plaintiff's motion for leave to file a second amended complaint, which defendant opposes. For the reasons that follow, plaintiff's motion for leave to file a second amended complaint is granted, the M&R is rejected as moot, and defendant's motion for partial judgment on the pleadings is denied as moot.

## BACKGROUND

Plaintiff initiated this action on behalf of himself and others similarly situated alleging claims under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, *et seq.*, and the North Carolina Wage and Hour Act ("NCWHA"), N.C. Gen. Stat. § 95-25.1, *et seq.* Plaintiff further

---

[1] Plaintiff's unopposed motion for leave to file a surreply [DE 68] is GRANTED.

alleges a claim under the North Carolina Retaliatory Employment Discrimination Act ("REDA"), N.C. Gen. Stat. § 95-240, for discrimination and termination of his employment after he complained regarding workplace safety. Plaintiff also brought claims for wrongful discharge and intentional infliction of emotional distress arising from the alleged retaliation and discrimination suffered as a result of raising workplace safety concerns. [DE 1].

Defendant filed a partial motion to dismiss, after which plaintiff filed a first amended complaint. [DE 8, 13]. Defendant then moved to partially dismiss the amended complaint. [DE 18]. Shortly thereafter, defendant answered the complaint and filed the instant motion for partial judgment on the pleadings. [DE 27, 28]. Defendant contends that it is entitled to partial judgment on pleadings as to plaintiff's NCWHA unpaid wages claim, arguing that it is precluded by his FLSA overtime claim.

Judge Numbers subsequently entered an M&R which addressed defendant's partial motion to dismiss the amended complaint. [DE 49]. That M&R was adopted in its entirety, and the Court dismissed plaintiff's intentional infliction of emotional distress claim, but declined to dismiss plaintiff's REDA claim and wrongful discharge claim to the extent it is premised on a REDA violation. [DE 58]. Judge Numbers then entered the instant M&R which addresses defendant's motion for partial judgment on the pleadings. [DE 60]. [2]

---

[2] Plaintiff also filed a motion to disqualify defense counsel for alleged violations of the North Carolina Rules of Professional Conduct [DE 25] and defendant filed a motion for sanctions pursuant to Fed. R. Civ. P. 11 against plaintiff, seeking as a sanction dismissal of plaintiff's REDA, intentional infliction of emotional distress, and wrongful discharge claims alleged in the amended complaint. Those motions were concerned with conduct and allegations supporting plaintiff's workplace safety complaints, specifically those related to a co-worker, Solis, who was injured at work and the extent of his injuries. Judge Numbers denied the motion to disqualify defense counsel and granted the motion for sanctions against plaintiff, in part. Judge Numbers barred plaintiff from relying on three specific allegations concerning Solis's injuries and death and further assessed attorney fees and expenses, up to $10,000, against plaintiff and plaintiff's counsel. [DE 62].

After the filing of the M&R regarding defendant's motion for partial judgment on the pleadings, plaintiff moved for leave to file a second amended complaint. [DE 76]. Plaintiff seeks leave to amend his complaint in light of new evidence and developments related to Solis and to add additional details in support of his NCWHA claim. [DE 77]. Defendant opposes plaintiff's motion for leave to file a second amended complaint.

## DISCUSSION

### Legal standards

"The Federal Magistrates Act requires a district court to make a *de novo* determination of those portions of the magistrate judge's report or specified proposed findings or recommendations to which objection is made." *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (emphasis, alteration, and quotation omitted); *see 28 U.S.C.* 636(b). Absent timely objection, "a district court need not conduct a *de novo* review, but instead must only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Diamond*, 416 F.3d at 315 (quotation omitted). A party's objections must be made "with sufficient specificity so as reasonably to alert the district court of the true ground for the objection." *United States v. Midgette*, 478 F.3d 616, 622 (4th Cir. 2007).

A motion for judgment on the pleadings under Fed. R. Civ. P. 12(c) allows for a party to move for entry of judgment after the close of the pleadings stage, but early enough so as not to delay trial. Fed. R. Civ. P. 12(c). Courts apply the Rule 12(b)(6) standard when reviewing a motion under Rule 12(c). *Mayfield v. Nat'l Ass'n for Stock Car Auto Racing, Inc.*, 674 F.3d 369, 375 (4th Cir. 2012).

A Rule 12(b)(6) motion tests the legal sufficiency of the complaint. *Papasan v. Allain*, 478 U.S. 265, 283 (1986). A complaint must allege enough facts to state a claim for relief that is facially

plausible. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). In other words, the facts alleged must allow a court, drawing on judicial experience and common sense, to infer more than the mere possibility of misconduct. *Nemet Chevrolet, Ltd. v. Consumeraffairs.com, Inc.*, 591 F.3d 250, 256 (4th Cir. 2009). The court "need not accept the plaintiff's legal conclusions drawn from the facts, nor need it accept as true unwarranted inferences, unreasonable conclusions, or arguments." *Philips v. Pitt County Mem. Hosp.*, 572 F.3d 176, 180 (4th Cir. 2009) (internal alteration and citation omitted).

Finally, leave to amend a complaint must be freely given where justice so requires. Fed. R. Civ. P. 15(a). When deciding whether to grant leave to amend, courts must be mindful of "the federal policy in favor of resolving cases on their merits instead of disposing of them on technicalities." *Laber v. Harvey*, 438 F.3d 404, 426 (4th Cir. 2006) (citations omitted). However, leave may be denied where the amendment would be prejudicial to the opposing party, where there has been bad faith on the part of the moving party, or when the amendment would be futile. *Johnson v. Oroweat Food Co.*, 785 F.2d 503, 509 (4th Cir. 1986) (citing *Foman v. Davis*, 371 U.S. 178, 182 (1962)). A proposed amendment is "futile if the claim it presents would not survive a motion to dismiss." *Save Our Sound OBX, Inc. v. N. Carolina Dep't of Transp.*, 914 F.3d 213, 228 (4th Cir. 2019) (citation omitted).

### Analysis

In light of the procedural posture of this case, the Court considers first plaintiff's motion for leave to file a second amended complaint. Plaintiff seeks an opportunity to provide additional allegations regarding his NCWHA payday claim as well as allegations related to Solis. Defendant opposes leave to amend, arguing that allowing plaintiff to file a second amended complaint would

prejudice defendant, that the request to amend has been made in bad faith, and that the proposed amendments are futile.

First, the Court discerns no prejudice to defendant in permitting leave to amend nor does it discern any bad faith on the part of plaintiff. It is true that plaintiff has been aware of the alleged deficiencies in his NCWHA payday claim since the filing of the Rule 12(c) motion, but the Court does not find the amount of time that has passed to amount to undue delay. No scheduling order has been entered and the case has not been calendared for trial. Additionally, plaintiff does not seek to add a new claim or cause of action and, contrary to defendant's arguments, plaintiff's NCWHA claim has not been dismissed. Further, the Court determines that granting leave to amend is not futile because the proposed amendments are not subject to dismissal under Rule 12(b)(6).

Plaintiff's second amended complaint adds factual allegations in support of his claim under the NCWHA.[3] Under the NCWHA,

> Every employer shall pay every employee all wages and tips accruing to the employee on the regular payday. Pay periods may be daily, weekly, bi-weekly, semi-monthly, or monthly. Wages based upon bonuses, commissions, or other forms of calculation may be paid as infrequently as annually if prescribed in advance.

N.C. Gen. Stat. § 95-25.6. A claim arising under this provision is referred to as a payday claim. The NCWHA also has an overtime provision, which requires that "[e]very employer shall pay each employee who works longer than 40 hours in any workweek at a rate of not less than time and one half of the regular rate of pay of the employee for those hours worked in excess of 40 per week. . . ." *Id.* § 95-25.4. But where an employer is covered by the provisions of the FLSA, it is exempt from the overtime provision of the NCWHA. *Id.* § 95-25.14(a).

---

[3] The Court refers to plaintiff's claim under the NCWHA rather than claims, as the second claim is a class claim and dependent at this stage on whether plaintiff can state a plausible NCWHA for himself.

Thus, "[i]t is well established that claims arising under NCWHA's payday provision are not preempted by the FLSA. However, it is also well established that in order to bring a claim under the NCWHA payday provision, the claim must be separate and distinct from the plaintiff's FLSA minimum wage and overtime claims." *DeHoll v. Eckerd Corp.*, No. 1:18CV280, 2018 WL 5624150, at *5 (M.D.N.C. Oct. 30, 2018) (listing cases). In other words, an NCWHA payday claim is appropriate where a plaintiff has alleged the "failure to pay employees on the regular payday, which addresses concerns about the withholding of accrued wages, not payment for disputed work time." *Queen v. RHA Health Servs.*, No. 1:00CV00101, 2001 U.S. Dist. LEXIS 26118, at *8 (M.D.N.C. Jan. 22, 2001).

Plaintiff's allegations in the proposed second amended complaint are sufficient to plausibly allege an NCWHA payday claim. In the proposed second amended complaint, plaintiff has separated his factual allegations which would support his FLSA overtime claim from his NCWHA payday claim and specifically alleges that he was not paid for promised straight-time hours which amounted to less than forty hours per week, vacation days, holidays, bonuses, and shift differentials. Plaintiff alleges that he occasionally worked less than forty-hours a week and that defendant has failed to pay earned and accrued promised wages, to include bonuses. Plaintiff has gone beyond the facts alleged in support of his FLSA overtime claim and has more plausibly alleged that he is seeking earned but unpaid wages. *See, e.g., Hanson-Kelly v. Weight Watchers Int'l, Inc.*, No. 1:10CV65, 2011 WL 2689352, at *2 (M.D.N.C. July 11, 2011); *Batlle v. United Drug Supply, Inc.*, No. 1:20CV412, 2021 WL 7709972, at *1 (M.D.N.C. Sept. 20, 2021); *see, generally, Figueroa v. Butterball, LLC*, No. 5:20-CV-585-D, 2021 WL 4203652, at *6-8 (E.D.N.C. Sept. 15, 2021) (discussing FLSA preemption, NCWHA exemptions, and NCWHA payday claims).

Defendant's arguments to the contrary are unavailing. Though defendant contends that the allegations show that plaintiff almost exclusively worked more than forty-hours per week, he may still plausibly allege a payday claim for those weeks in which he worked forty-hours or less. Plaintiff has further alleged the existence of promised compensable work for which he alleges he was not paid. At bottom, the Court has considered the second amended complaint's allegations in light of the applicable standards and case law and determines that "plaintiff's NCHWA claim may proceed to the extent it seeks unpaid, earned, compensation apart from overtime pay." *Lima v. MH & WH, LLC*, No. 5:14-CV-896-FL, 2019 WL 2602142, at *15 (E.D.N.C. Mar. 8, 2019).

Plaintiff's proposed second amended complaint also makes minor changes to his allegations regarding Solis, and further removes stricken allegations, and the Court will permit leave to amend. In sum, the motion for leave to file a second amended complaint is granted. In light of the foregoing, the M&R and motion for partial judgment on the pleadings are now moot.

## CONCLUSION

Accordingly, for the foregoing reasons, defendant's motion for partial judgment on the pleadings [DE 28] is DENIED AS MOOT and the Memorandum and Recommendation [DE 60] is REJECTED AS MOOT. Plaintiff's unopposed motion for leave to file a surreply [DE 68] is GRANTED. Plaintiff's motion for leave to file a second amended complaint [DE 76] is GRANTED. Plaintiff shall file his second amended complaint not more than seven (7) days from the date of entry of this order. The Clerk shall refer this matter to the assigned magistrate judge for entry of a scheduling order on the filing of the second amended complaint.

SO ORDERED, this 28 day of March 2024.

TERRENCE W. BOYLE
UNITED STATES DISTRICT JUDGE