IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:22-CV-459-BO

| | | |
|---|---|---|
| OVIS MATAMOROS CANALES, *on behalf of himself and others similarly situated*, | ) ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) | O R D E R |
| | ) | |
| OPW FUELING COMPONENTS LLC, | ) ) | |
| Defendant. | ) ) | |

This matter comes before the Court on plaintiff's motion to reconsider pursuant to Rule 54(b) an order imposing sanctions against plaintiff and his counsel pursuant to Rule 11 of the Federal Rules of Civil Procedure. Defendant has responded, plaintiff has replied, and the motion is ripe for ruling. Also pending are several motions to seal memoranda due to their containing sensitive medical information regarding a non-party. Finally, defendant has moved for partial dismissal of plaintiff's second amended complaint. Plaintiff has responded and filed a corrected second amended complaint, and defendant has filed an answer.

## BACKGROUND

The Court dispenses with a full recitation of the factual and procedural background of this matter, and incorporates by reference as if fully set forth herein that portion of its order entered on March 29, 2024. [DE 93]. In relevant part, plaintiff previously filed a motion to disqualify defense counsel for alleged violations of the North Carolina Rules of Professional Conduct [DE 25] and defendant filed a motion for sanctions pursuant to Fed. R. Civ. P. 11 against plaintiff, seeking as a sanction dismissal of plaintiff's REDA, intentional infliction of emotional distress, and wrongful

discharge claims alleged in the amended complaint. [DE 30]. Those motions were concerned with conduct and allegations supporting plaintiff's workplace safety complaints, specifically those related to a co-worker, Narciso Solis, who was injured at work and the extent of his injuries. United States Magistrate Judge Numbers, after having been referred the motions for disposition, denied the motion to disqualify defense counsel and granted the motion for sanctions against plaintiff, in part. Judge Numbers barred plaintiff from relying on three specific allegations concerning Solis's injuries and death and further assessed attorney fees and expenses, up to $10,000, against plaintiff and plaintiff's counsel. [DE 62]. Judge Numbers barred plaintiff from relying on the following allegations: that Solis suffered a fracture in his spine and neck from the workplace accident; that Solis spent several months in critical condition from the workplace accident, and that the workplace accident led to Solis's death. *Id.*

Plaintiff subsequently filed the instant motion pursuant to Rule 54(b), arguing that newly discovered evidence supports his prior allegations and the imposition of sanctions is not supported.

## DISCUSSION

**Motion to reconsider**

Typically, a party seeking review of a decision by a magistrate judge will file a motion under Rule 72. *See also* 28 U.S.C. § 636(b)(1)(A). Federal Rule of Civil Procedure 72(a) provides that, where a non-dispositive pretrial matter is referred to a magistrate judge, a party may file objections to the magistrate judge's order within fourteen days after being served with a copy of the order. Fed. R. Civ. P. 72(a); *see also* Local Civil Rule 72.4(a). The district judge to whom the case is assigned shall "consider timely objections and modify or set aside any portion of the order that is clearly erroneous or is contrary to law." Fed. R. Civ. P. 72(a). Under the clearly erroneous standard, the magistrate judge's decision must be affirmed unless the district court's review results

2

in the "definite and firm conviction that a mistake has been committed." *United States v. U.S. Gypsum Co.*, 333 U.S. 364, 395 (1948).

Judge Numbers' order imposing sanctions was entered on January 10, 2024. The instant motion to reconsider was filed on January 29, 2024, outside the fourteen-day period within which a party may seek review of a magistrate judge's decision. Accordingly, insofar as the Court would construe plaintiff's motion as one pursuant to Rule 72, the motion is untimely.

Rule 54(b) of the Federal Rules of Civil Procedure provides that a court may revise any order entered prior to entry of final judgment. The decision to do so lies within the discretion of the court, which is not bound by the strict standards applicable to requests to reconsider final judgment but which should be guided by the principles of the doctrine of law of the case. *Am. Canoe Ass'n v. Murphy Farms, Inc.*, 326 F.3d 505, 514-15 (4th Cir. 2003). "Thus, a court may revise an interlocutory order under the same circumstances in which it may depart from the law of the case: (1) a subsequent trial producing substantially different evidence; (2) a change in applicable law; or (3) clear error causing manifest injustice." *Carlson v. Boston Sci. Corp.*, 856 F.3d 320, 325 (4th Cir. 2017) (internal quotation, alterations, and citation omitted) (noting similarity of this standard to that applicable to Rule 59(e) motions, except that law-of-the-case standard allows for new evidence discovered during litigation as opposed to evidence not available at trial to serve as basis for reconsideration motion). Motions to reconsider interlocutory orders are "disfavored and should be granted sparingly." *Wootten v. Commonwealth of Virginia*, 168 F. Supp. 3d 890, 893 (W.D. Va. 2016) (internal quotation and citation omitted).

It is unclear from plaintiff's motion whether he seeks reconsideration by Magistrate Judge Numbers or by the undersigned. However, as "the district judge remains the final authority in the case, and [] may reconsider *sua sponte* any matter determined by a magistrate judge," the

3

undersigned will decide the motion to reconsider. *Schur v. L.A. Weight Loss Ctrs., Inc.*, 577 F.3d 752, 760 (7th Cir. 2009).

Plaintiff contends that reconsideration of the order imposing sanctions is appropriate in light of newly discovered evidence, which he argues is materially relevant and has been discovered as a result of due diligence. Plaintiff contends that this evidence is not cumulative and is probative of the substantive issue of whether counsel performed a reasonable inquiry into the extent of third-party Solis's injuries. Plaintiff also argues that Judge Numbers' order was manifestly unsupported by reason. In sum, plaintiff contends that prior to his counsel's representation of the Estate of Solis, counsel was limited in her ability to investigate the claims relating to the extent and effects of Solis's workplace injury. Plaintiff contends that the records he now has access to support his prior allegations, and thus the imposition of sanctions should be reconsidered.

The new medical records do not, however, undermine Magistrate Judge Numbers' decision to prohibit plaintiff from relying on certain allegations. The Court has reviewed the newly discovered medical records and they do not support that Solis suffered a fracture to his spine or neck from the workplace accident, that he spent several months in critical condition[1] from the accident, or that the accident led to Solis's death. True, the additional medical records filed by plaintiff show that Solis's health following the workplace accident was in complicated decline. However, they do not support a finding that restricting plaintiff from relying on three, specific allegations was in error.

---

[1] "Critical condition" has the ordinary, dictionary meaning of "a serious state in which an ill or injured individual has dangerously unstable or abnormal vital signs and typically requires short-term life support measures (such as mechanical respiration or defibrillation) for stabilization and support prior to or during recovery." Merriam-Webster Dictionary, available at https://www.merriam-webster.com/dictionary/critical%20condition (last visited June 3, 2024).

4

More importantly, plaintiff's motion fails to recognize that the basis for the imposition of sanctions was counsel's failure to investigate the facts supporting plaintiff's claims relating to Solis's injuries after receiving a Rule 11 safe harbor letter from defendants and prior to filing the amended complaint. Indeed, plaintiff filed his amended complaint *one day* after receiving the safe harbor letter.

Though plaintiff's counsel argues that it was not until her representation of the Estate of Solis as an opt-in plaintiff in this case that she could access Solis's records and Estrella Solis, that argument misses the mark. As noted above, it was counsel's failure to conduct what appeared to be any additional investigation after receiving the safe harbor letter and a copy of some of Solis's medical records that was determined to run afoul of Rule 11. Judge Numbers was not unjust in determining that a period of one day would not have provided counsel with time to conduct a *reasonable* inquiry into the basis for plaintiff's allegations.

In sum, the Court has considered the arguments of plaintiff and his counsel and determines that the newly discovered evidence does not change the grounds for Judge Numbers' decision and that Judge Numbers did not clearly err in imposing sanctions. The motion to reconsider is therefore denied. The request by defense counsel to increase the cap on attorney fees awarded from $10,000 to $20,000 is denied.

### Motions to seal

The motions to seal briefs which discuss the sensitive medical information of Solis [DE 73, 82, 87, 90] are GRANTED for those reasons outlined in the order entered at [DE 51].

### Motion to partially dismiss

Finally, the Court considers defendant's motion seeking partial dismissal of plaintiff's second amended complaint. Following the filing of this motion, plaintiff filed a corrected second

5

amended complaint. [DE 100]. Apparently, an incorrect version of the second amended complaint had been inadvertently filed, and defendant has answered the second amended complaint. [DE 103]. It appearing that the partial motion to dismiss is moot on the filing of the corrected second amended complaint, the Court denies the partial motion to dismiss as such. The operative pleading in this action is the corrected second amended complaint at [DE 100].

## CONCLUSION

Accordingly, for the foregoing reasons, plaintiff's motion for reconsideration [DE 74] is DENIED. The motions to seal [DE 73, 82, 87, 90] are GRANTED. The motion for partial dismissal [DE 98] is DENIED AS MOOT.

SO ORDERED, this 4TH day of June 2024.

TERRENCE W. BOYLE
UNITED STATES DISTRICT JUDGE