IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:22-CV-459-BO

OVIS MATAMOROS CANALES, )
*on behalf of himself and all others similarly* )
*situated*, )
                                   )
                Plaintiff, )
v. )              O R D E R
                                   )
OPW FUELING COMPONENTS LLC, )
                                   )
               Defendant. )

This case is before the Court on plaintiff's emergency motion to stay the Court's order regarding plaintiff's motion for reconsideration of the order granting defendant's motion for sanctions. [DE 118]. Plaintiff seeks a stay pending his interlocutory appeal. *Id.*

Though the parties cite various provisions of Fed. R. Civ. P. 62, a court has inherent authority to manage its docket to promote "economy of time and effort for itself, counsel, and for litigants." *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936). When determining whether to stay proceedings, a district court generally considers "(1) the interests of judicial economy; (2) hardship and equity to the moving party if the action is not stayed; and (3) potential prejudice to the non-moving party." *Johnson v. DePuy Orthopaedics, Inc.*, No. 3:12-CV-2274-JFA, 2012 WL 4538642, at *2 (D.S.C. Oct. 1, 2012) (citation omitted).

In light of the procedural posture of the case, the Court will rely on its inherent authority rather than Rule 62, and it determines that a stay of the order denying the request to reconsider the imposition of Rule 11 sanctions is appropriate. The Court discerns no real prejudice to defendant in delaying a determination regarding any attorney fees to be awarded, and a stay of this issue

would further judicial economy. Moreover, determination of this issue does not advance the disposition of the merits of this case.

Any decision related to the Court's denial of the motion to reconsider Rule 11 sanctions is hereby STAYED. The clerk shall notify the undersigned once the mandate of the court of appeals has issued. Plaintiff's motion to stay [DE 118] is GRANTED on the foregoing grounds only. The motion for attorney fees [DE 127] and related motion to strike the motion for attorney fees [DE 130] are hereby HELD IN ABEYANCE pending issuance of the mandate of the court of appeals.

SO ORDERED, this 22 day of August 2024.

_____
TERRENCE W. BOYLE
UNITED STATES DISTRICT JUDGE