IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:22-CV-00459-BO-RJ

**Ovis Matamoros Canales**, on behalf of
himself and all others similarly situated,

Plaintiff,

v.

**OPW Fueling Components, LLC**,

Defendant.

**Order**

Plaintiff Ovis Matamoros Canales asks the court to strike a motion to compel filed by Defendant OPW Fueling Components, LLC. He argues that the motion should be stricken because it was filed after the close of discovery and because OPW did not make a good-faith effort to resolve the dispute before filing the motion. Canales contends that both offenses violate the court's Local Civil Rules.

Canales seeks this relief under Rule 12(f) of the Federal Rules of Civil Procedure. That rule allows a court to "strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f).

There are two problems with Canales's motion. To begin with, the document he seeks to strike is not a pleading. The Federal Rules limit the definition of the term pleading to seven documents that are all related to complaints and answers. *Id.* Rule 7(a). Motions do not fall within this definition. *See id.* Rule 7(b). Thus Canales cannot use Rule 12(f) to strike a motion to compel. *See Dalenko* v. *Stephens*, 917 F. Supp. 2d 535, 541 (E.D.N.C. 2013).

But even if he could, his motion would still fail. Nothing in the motion to compel qualifies as redundant, immaterial, impertinent, or scandalous. And Canales makes no attempt to argue to

the contrary. So, even if Rule 12(f) applied here, the standard for striking a document under that rule has not been met. The motion to strike (D.E. 162) is denied.

The court is concerned that Canales's counsel, Gilda A. Hernandez, pursued a motion under an inapplicable rule and made no attempt to meet that rule's standard. This type of filing wastes the resources of the court and the opposing party and impedes the "just, speedy, and inexpensive determination" of this case. Fed. R. Civ. P. 1.

Even more disconcerting is that Hernandez has repeatedly filed improper Rule 12(f) motions in the past. In fact, just weeks before she filed this motion, this court denied another motion to strike she filed for similar reasons. *Edwards* v. *City of Raleigh*, No. 5:23-CV-00683-FL, 2024 WL 4156829, at *5 (E.D.N.C. Sept. 11, 2024) ("By its plain terms, Rule 12(f) applies to 'pleadings' such as a complaint or answer, not to exhibits included with a motion. Plaintiff also has not demonstrated the exhibits are "redundant, immaterial, impertinent, or scandalous matter." (citations omitted)). And Hernandez has engaged in similar conduct in multiple courts over several years. *Webb* v. *Daymark Recovery Servs., Inc.*, No. 5:17-CV-00365-FL, 2022 WL 19001534, at *1 (M.D.N.C. Oct. 31, 2022) ("[A]lthough a court may strike material from a pleading pursuant to Rule 12(f) of the Federal Rules of Civil Procedure, Daymark's reply is not a pleading and will not be stricken from the docket."); *Solais* v. *Vesuvio's II Pizza & Grill, Inc.*, No. 1:15-CV-00227, 2016 WL 1057038, at *2 (E.D.N.C. Mar. 14, 2016) (denying an attempt to use Rule 12(f) to strike a document that is not a pleading).

The court reminds Hernandez of her obligation under Rule 11 to ensure that all filings are legally supportable and that documents are "not being presented for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation[.]" Fed. R. Civ. P. 11(b). Future filings, by either party, that lack legal or factual support may be met with an order

to show cause why the court should not impose sanctions under Rule 11, 28 U.S.C. § 1927, or its inherent authority.

Dated: February 18, 2025

_Robert T Numbers II_
Robert T. Numbers, II
United States Magistrate Judge