IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:22-CV-00459-BO

**Ovis Matamoros Canales**, on behalf of himself and all others similarly situated,

Plaintiffs,

v.

**Order**

**OPW Fueling Components LLC**,

Defendant.

Defendant OPW Fueling Components, LLC, has asked the court to compel Plaintiff Ovis Matamoros Canales to answer supplement his discovery responses. D.E. 159.[1] Canales maintains that his objections to the discovery requests are meritorious. D.E. 164. The court finds OPW's argument persuasive and thus will grant its motion to compel.

**I.    Discussion**

The Federal Rules allow parties to "obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case[.]" Fed. R. Civ. P. 26(b)(1). They provide several tools, including interrogatories and requests for production, to obtain discovery from other parties. *Id.* 33, 34.

The Rules also allow a requesting party to move to compel if the responding party's discovery responses are incomplete or inadequate. Fed. R. Civ. P. 37(a). The party resisting or objecting to discovery "bears the burden of showing why [the motion to compel] should not be

---

[1] OPW attached 12 exhibits to its supporting memorandum. D.E. 160. Contrary to the court's Electronic Case Filing administrative Policies and Procedures Manual, the exhibits are not indexed as required. *See* Section V(E)(2) of the Policy Manual. Given the significant number of case filings here, the parties should be well-familiarized with the court's rules, policies, and procedures. Future filings which fail to adhere to them may be stricken.

granted." *Mainstreet Collection, Inc.* v. *Kirkland's, Inc.*, 270 F.R.D. 238, 241 (E.D.N.C. 2010). To meet this burden, the non-moving party "must make a particularized showing of why discovery should be denied, and conclusory or generalized statements fail to satisfy this burden as a matter of law." *Id*.

### A. Timeliness of OPW's Motion

At the outset, Canales argues that the court should deny OPW's motion because it is untimely. He points out that OPW filed its motion seven days after the then-existing discovery deadline. Several judges on this court have denied discovery motions filed after the discovery deadline as untimely. *See Spilker* v. *Medtronic, Inc.*, No. 4:13-CV-00076-H, 2015 WL 1643258, at *3 (E.D.N.C. Apr. 15, 2015); *Davenport* v. *Elks*, No. 5:13-CT-0209-BO & 5:12-CV-3203-BO, 2015 WL 7306446 (E.D.N.C. Nov. 19, 2015); *Powell* v. *Kamireddy*, No. 7:13-CV-00267-F, 2015 WL 333015, at *4 (E.D.N.C. Jan. 26, 2015); *English* v. *Johns*, No. 5:11-CT-3206-D, 2014 WL 555661, at *4 (E.D.N.C. Feb. 11, 2014), *aff'd*, 582 F. App'x. 229 (4th Cir. 2014); *Sager* v. *Standard Ins. Co.*, No. 5:08-CV-628-D, 2010 WL 2772433, at* 1 (E.D.N.C. July 12, 2010). But at the time OPW filed its motion, there was a motion to extend the discovery period pending before the court. The court eventually granted that motion and extended the discovery period. Thus OPW's motion is not untimely and there are no grounds to deny it on that basis.

### B. Certification of Good-Faith Effort to Resolve the Case

Canales argues that the court should deny OPW's motion because it did not certify that it engaged in a good-faith effort to resolve the dispute before filing its motion. Both the Federal Civil Rules and the court's Local Civil Rules require such a certification. Fed. R. Civ. P. 37(a)(1); Local Civil Rule 7.1(c)(2). While OPW's motion does not contain an explicit certification, its motion recites the parties' efforts to resolve the dispute without court intervention. Mot. ¶¶ 1–7. The record

2

also establishes that the parties held two video calls about this dispute and exchanged numerous letters. Resp. in Opp'n at 4, D.E. 164. The record establishes that OPW satisfied its meet-and-confer obligations under the Federal Rules and the Local Civil Rules.

### C. Objections

#### 1. General and Boilerplate

OPW contends that Canales has not stated its objections with the required specificity. The court disagrees.

The Federal Rules require that if a party wishes to object to an interrogatory or a request for production of documents, they must do so with specificity. Fed. R. Civ. P. 33(b)(2)(B) ("The grounds for objecting to an interrogatory must be stated with specificity.") & 34(b)(2)(B) (requiring a party to "state with specificity the grounds for objecting to the request, including the reasons"). By now it has long been the rule in this district that "'[m]ere recitation of the familiar litany that an interrogatory or a document production request is overly broad, burdensome, oppressive, and irrelevant' does not suffice as a specific objection." *Mainstreet Collection*, 270 F.R.D. at 240 (quoting *Momah* v. *Albert Einstein Med. Ctr.*, 164 F.R.D. 412, 417 (E.D. Pa. 1996)). If a party fails to object with the necessary specificity, it waives the objection. *Silicon Knights, Inc.* v. *Epic Games, Inc.*, 917 F. Supp. 2d 503, 533 (E.D.N.C. 2012) (citing cases).

And given that the Federal Rules require specificity in objections to interrogatories and requests for production, general objections are also almost always impermissible. Courts throughout the Fourth Circuit have recognized this fact. *Williams* v. *MicroBilt Corp.*, No. 3:19-CV-0085, 2021 WL 150401, at *3 & *5 (E.D. Va. Jan. 15, 2021) (discussing why general objections are impermissible); *Martin* v. *Montgomery*, Nos. 0:20–1400 & 0:20–1401, 2020 WL 6365352, at *2 (D.S.C. Oct. 29, 2020) ("The court agrees that the defendants' 'general objections' that do not refer to any specific interrogatory are waived because they are not specific. "); *Atkins*

3

v. *AT&T Mobility Servs., LLC*, Case No. 2:18-CV-00599, 2019 WL8017851, at *8 (S.D.W. Va. Apr. 25, 2019) ("Since the 2015 amendments, courts have been quick to reject boilerplate objections to discovery requests and have also penalized parties for relying on stock, general objections."); *Futreal* v. *Ringle*, No. 7:18-CV-00029-FL, 2019 WL 137587, at *4 (E.D.N.C. Jan. 8, 2019) (rejecting use of a general objection to raise a privilege claim); *Gross* v. *Morgan State Univ.*, Case No. JBK-17–448, 2018 WL 9880053, at *8 (D. Md. Feb. 9, 2018) (citing cases).

The court has reviewed Canales's objections with these standards in mind. The general objections included at the outset of his responses all lack the specificity required by the Federal Rules, so they are waived. Canales must supplement his responses to provide any documents or information withheld based on these objections.

OPW has also challenged the objections Canales included with his responses to Interrogatories 2 through 14, 16 and 17, as well as Requests for Production 1, 9, 15, and 19. The court has reviewed the objections and concludes that some objections are stated with the specificity required by the Federal Rules.[2] Some, however, are not.

For example, Canales's objection to Interrogatory 10 does not explain why the interrogatory "is so broad and ambiguous" that he "cannot determine with certainty the exact nature of the information sought." Nor does it explain why he believes the objection is harassing or argumentative. These objections are not stated with the specificity required by the rules and are thus waived. The same is true for the similarly worded objections in his responses to Interrogatories 11, 12, 13, 14, 16, and 17. Canales must supplement his responses to provide any documents or information withheld based on these objections.

---

[2] The court's conclusion on the specificity of the objections, however, should not be confused with a ruling on the merits of any objection.

4

### 2. Not Reasonably Calculated to Lead to Discoverable or Admissible Information

Throughout his responses, Canales objects to OPW's requests on the ground that they are not reasonably calculated to lead to the discovery of admissible evidence. OPW correctly notes that while this was once a valid objection, it has not been an appropriate basis to object to discovery for nearly a decade. Canales may not rely on this objection and must supplement his responses to provide any documents or information withheld on this basis.

After the 2015 Amendments to the Federal Rules, discovery is limited to matters "relevant to any claim or defense and proportional to the needs of the case[.]" Fed. R. Civ. P. 26(b)(1). The 2015 Amendments deleted the "reasonably calculated" language that Canales relies on. The Advisory Committee Note explained that the phrase was removed and that it "has been used by some, incorrectly, to define the scope of discovery." Fed. R. Civ. P. 26 Advisory Comm. Note to the 2015 Amend.

Canales therefore cannot rely on this outdated objection to withhold documents or information. He must supplement his responses to Interrogatories 6 through 14, 16, and 17, as well as his responses to Requests for Production 15 and 19.

In response, Canales notes that he also objected to Requests for Production 15 and 19 on the ground that they sought irrelevant information. The court rejects this argument for two reasons. First, the objections do not explain why the requests seek irrelevant information, so they are improper boilerplate objections and have no effect. Second, both requests seek relevant information. Request 15 ~~seeks~~ requests Canales's tax returns, which can provide information relevant to his claims of lost wages. And Request 19 seeks documents related to damages Canales seeks, which is unquestionably a relevant topic. So his arguments are unpersuasive.

5

### 3. Premature Contention Interrogatories

OPW asks the court to compel Canales to respond to Interrogatory Nos. 3–5, 8–10, 12, 14–15, 18, and 20. Canales has objected claiming they are premature contention interrogatories. OPW disputes that characterization, arguing the discovery merely requests him to identify information and documents related to his claims.

The Federal Rules allow parties to serve an interrogatory that requests "an opinion or contention that relates to fact or the application of law to fact[.]" Fed. R. Civ. P. 33(a)(2). This type of request, known as a contention interrogatory, asks a party to do one or more of the following: "(1) state its contentions or clarify whether it is making a contention, (2) articulate the facts underlying a contention, (3) assert a position or explain that position in relation to how the law applies to the facts, and (4) explain the legal or theoretical basis behind a contention." *Johnson* v. *N.C. Dep't of Justice*, No. 5:16-CV-00679-FL, 2018 WL 5831997, at *7 (E.D.N.C. Nov. 7, 2018) (quoting *Capacchione* v. *Charlotte-Mecklenburg Schs.*, 182 F.R.D. 486, 489 (W.D.N.C. 1998)).

Canales has not explained why OPW's contention interrogatories are improper based on their content. Instead, he challenges when OPW served them. This argument is unpersuasive for two reasons. First, the Federal Rules provide that "methods of discovery may be used in any sequence[.]" Fed. R. Civ. P. 26(d)(3)(A). So OPW did not need to wait until a particular point in the proceeding to serve contention interrogatories. Second, Canales failed to establish why the requests were premature. Rule 33's Advisory Committee Notes recognize that "interrogatories involving mixed questions of law and fact may create disputes between the parties which are best resolved after much or all of the other discovery has been completed[.]" *Id.* Rule 33 Advisory Comm. Note to the 1970 Amend. But Canales has not shown that is the case here. In any event, Rule 33 allows the court to "order that the interrogatory need not be answered until designated

6

discovery is complete, or until a pretrial conference or some other time." Fed. R. Civ. P. 33(a)(2). The court believes that it is appropriate for Canales to respond at this time, and orders him to do so.

### 4. Documents in OPW's Possession or Equally Available

OPW takes issue with objections by Canales that argue the discovery requested is in OPW's possession or equally available from other sources.

The Federal Rules require that a party responding to a request for production, produce responsive, non-privileged materials "in the responding party's possession, custody, or control[.]" Fed. R. Civ. P. 34(a)(1). This is true "even where a requesting party already has documents in its possession, or could otherwise access those documents[.]" *Beach Mart, Inc.* v. *L & L Wings, Inc.*, 302 F.R.D. 396, 410 (E.D.N.C. 2014), *aff'd*, 784 F. App'x 118 (4th Cir. 2019); *see Westchester Surplus Lines Ins.* v. *Clancy & Theys Constr. Co.,* No. 5:12-CV-636-BO, 2013 WL 6058203, at *7 (E.D.N.C. Nov. 15, 2013) ("The happenstance that [the defendant] already has such information, even if true, is not a valid ground for withholding" the requested information). So the fact that OPW may possess or be able to access some of the documents it seeks from Canales is not a basis to object to its requests. To the extent that Canales is withholding any documents or information based on this objection, he must supplement his responses to produce them.

### 5. Attorney-Client Privilege and Work Product Protection

OPW next claims that Canales has improperly objected to interrogatories and requests for production based on attorney-client privilege and the work-product doctrine. In response, Canales asserts he has not withheld any documents based on privilege. He says nothing, however, about his privilege objections to interrogatories.

7

The Federal Rules limit discovery to non-privileged matters. Fed. R. Civ. P. 26(b)(1). But if a party wishes to withhold documents or information based on a privilege, that party bears the burden of showing that the privilege applies and that it has not been waived. *United States* v. *Jones*, 696 F.2d 1069, 1072 (4th Cir. 1982). While Canales claims he has not withheld any documents based on a privilege, he has not addressed the claims of privilege or work product that accompanied his interrogatory responses. Thus he has not met his burden to show that he can rely on the attorney-client privilege or the work-product doctrine to withhold information responsive to interrogatory responses. As a result, he must supplement his responses to provide any withheld information in Interrogatories 3 through 5, 8 through 10, 12, 14, 15, 17, and 19 through 22.

### D. Specific Discovery Requests

In addition to these generalized disputes, the parties also dispute various individual responses. The court now addresses those issues.

#### 1. Interrogatory 4

OPW asked Canales about unpaid wages and how he calculates his damages for those claims. In response, Canales claims that the request is premature. Because "any damages analysis is intrinsically tied to any expert report results[,]" the disclosure of which is within Phase II discovery. D.E. 160–7 at 14. And he cannot estimate his unpaid wages, overtime, or vacation time while the parties' discovery disputes are pending.

The court disagrees. First, Canales has not shown that he needs the assistance of an expert to respond to this request, particularly with respect to his individual claims, which are fair game during Phase I discovery. And even if expert assistance were necessary, he can supplement his response once he has obtained it. And second, Canales was required to provide a calculation of his damages in his initial disclosures. Fed R. Civ. P. 26(a)(1)(A)(iii) (requiring a party to provide

"without awaiting a discovery request . . . a computation of each category of damages claimed by the disclosing party"). So he should be able to approximate the value of the unpaid waged to which he claims entitlement. The court thus grants the motion to compel as to Interrogatory 4.

### 2. Interrogatory 5

OPW asked Canales to identify documents, or verbal communications, related to his claim of its employee payment policies or practices. In his response, Canales points to instructions he received during his orientation and various documents, "including but not limited to" OPW's employee handbook. OPW claims that this response does not comply with the portion of Rule 33 that allows a party to answer an interrogatory by referring to documents because it does not "specify the records that are responsive in any detail."

While Rule 33 generally requires that interrogatories be answered "fully in writing under oath[,]" Fed. R. Civ. P. 33(b)(3), it contains an exception for answers that "may be determined by examining, auditing, compiling, abstracting, or summarizing a party's business records[,]" *id.* Rule 33(d). A party may invoke this rule when "the burden of deriving or ascertaining the answer will be substantially the same for either party[.]" *Id.*

To properly rely on this exception, the responding party must do two things. First it must "specify[] the records that must be reviewed, in sufficient detail to enable the interrogating party to locate and identify them as readily as the responding party could[.]" *Id.* Rule 33(d)(1). And then it must "giv[e] the interrogating party a reasonable opportunity to examine and audit the records and to make copies, compilations, abstracts, or summaries." *Id.* Rule 33(d)(2).

But OPW's argument about Canales's compliance with Rule 33(d) fails because it does not appear that he relied on that rule in responding. OPW's request asks him to "identify all documents" related to its wage-related policies and practices. Canales responded by identifying

9

various documents. Since Canales did not rely on Rule 33(d) for his response, his response cannot violate that rule. This portion of the motion to compel is denied.

### 3. Interrogatory 6

Interrogatory 6 asked Canales about his communications with current and former OPW employees regarding his claims. While he named two individuals, Canales did not respond whether there are any documents about their communications. And in response to Interrogatory 20, he identified a third individual—a repair technician—whose identity is also responsive to, but omitted from, Interrogatory 6. Canales points out that his supplemental response noted that he was not withholding any information. D.E. 160–10 at 7.

But his response, and supplement, do not address OPW's argument. It appears that Canales discussed this matter with the repair technician. D.E. 160–3 at 25–26. So he must supplement his response to Interrogatory 6.

### 4. Interrogatories 8–20

The parties' dispute over Interrogatories 8 through 20 is effectively the same as the general dispute about contention interrogatories resolved above. The resolution of that issue also resolves most of the disputes over these requests.

There is a more particularized dispute, however, over Canales's response to Interrogatory 16. In that response, he invokes Rule 33(d) and claims that "the answer to this question can be derived by Defendant based on records in its possession," as well as Canales's other discovery responses. OPW argues that Canales's response fails to comply with Rule 33(d)'s requirements.

Rule 33(d) applies "to interrogatories which require a party to engage in burdensome or expensive research into his own business records in order to give an answer." Fed. R. Civ. P. 33

Advisory Comm. Note to the 1970 Amend. The responding party may then "make the records available and place the burden of research on the party who seeks the information." *Id.* So

Canales's response inverts the way Rule 33 operates. Rather than allowing OPW to determine a response from a search of Matamoras Canales's records, it seeks to require OPW to formulate a response from its own search of its own records. That is not the way the rule works, so Canales's response is improper. He must supplement his response to Interrogatory 16 to provide the requested information.

So the court grants the motion to compel on this issue.

### 5. Request for Production 9

In this request, OPW sought documents that "support, refute, or relate" to all the factors for class certification under Rule 23. At issue here is the portion of the request that seeks documents related to the competency and experience of the proposed class counsel. The parties' dispute over Interrogatories 8 through 20 is effectively the same as the general dispute about contention interrogatories resolved above. The resolution of that issue also resolves most of the dispute over these requests.

### 6. Request 15

In Request 15, OPW seeks Canales's tax information and returns for the years it employed him. In response, Canales first contended that he was not required to produce this information because it is not relevant and will not lead to admissible evidence. In a supplemental response, Canales appears to have produced at least some of the documents sought. D.E. 160–8 at 14 (referencing Bates Nos. Canales0000081–84).

In its motion to compel, OPW points out that Canales failed to produce his tax returns for 2020. D.E. 160–11 at 7. It maintains that the requested documents are needed to prepare for his

11

Case 5:22-cv-00459-BO-RJ    Document 188    Filed 02/19/25    Page 11 of 15

motion for conditional and/or class certification. Canales's opposing memorandum reiterates his initial response to the request: he need not produce tax return information. D.E. 164 at 13 & n.8. He also asserts that OPW can obtain it through other means. *Id.* at 13.

The Fourth Circuit has not definitively addressed the discoverability of tax returns, but case law suggests a "qualified privilege" that disfavors disclosure of income tax returns as a general policy. *See Oppenheimer* v. *Scarafile*, No. CV 2:19–3590-RMG, 2021 WL 5902740, at *7 (D.S.C. Aug. 26, 2021) (citation omitted); *see also Frechette* v. *Zia Taqueria, LLC*, No. 2:18-CV-3208-DCN, 2020 WL 13617433, at *3 (D.S.C. Apr. 7, 2020).

Courts have applied a two-prong test to determine whether the qualified privilege protecting tax returns is overcome. *Hastings* v. *OneWest Bank, FSB*, No. 1:10-CV-3375, 2013 WL 1502008, at *2 (D. Md. Apr. 11, 2013) (citation omitted). First, the requesting party must show that the tax return information "bears some relevance to the subject matter of the litigation[.]" *E. Auto Distrib., Inc.* v. *Peugeot Motors of Am., Inc.*, 96 F.R.D 147, 149 (E.D. Va. 1982)). Second, the opposing party must identify that an alternate means for obtaining the information. *Naidu-McCown* v. *Emergency Coverage Corp.*, No. 3:23-CV-390, 2024 WL 1755994, at *2 (E.D. Va. Mar. 5, 2024) (citation omitted).[3]

For the first step, Canales's income is relevant to economic damages stemming from his claims of lost earnings. So this supports a conclusion that his income tax returns and related

---

[3] A separate issue on the discoverability of tax returns, not present here, concerns a defendant's potential liability for punitive damages. Such returns are relevant to the subject matter in dispute after a plaintiff has made a prima facie showing that it is entitled to punitive damages. *See Blount* v. *Wake Elec. Membership Corp.,* 162 F.R.D. 102, 105 (E.D.N.C. 1993) (defendant did not have to produce tax its returns until it either lost a motion to dismiss the punitive damages claim or the deadline to move to dismiss passed without the defendant filing such a motion).

documents are discoverable. *See McLelland* v. *City of N. Myrtle Beach*, No. 4:08-CV-3430, 2009 WL 10678153, at *2 (D.S.C. Sept. 4, 2009).

As to the second element, Canales alleges, but does not identify, alternate sources of his tax information. OPW would have his W-2s for the years it employed him. But these documents may not disclose all his income. So this factor supports discovery of the documents.

OPW has established that it is entitled to relief on this claim. So the court grants the motion to compel as to Document Production Request No. 15. Canales must fully respond to the request, including producing his 2020 federal and state tax returns and related information.

### 7. Request 19

OPW requested documents about the damages Canales seeks. He first answered that he had no responsive documents. But Canales supplemented his response to state that the request was premature as he may use an expert to calculate damages and expert reports were not within the scope of Phase I discovery. D.E. 160–8 at 15.

Canales's position is unpersuasive. As with Interrogatory 4, his initial disclosures required him to approximate his damages. So Canales should be able to estimate the losses he claims. He has not shown that responding to the discovery request requires an expert report. And as much as an expert report would be needed, he can supplement it one he secures one.

The court thus grants the motion to compel as to Request 19.

### E. Search Method

For some requests for the production of documents, OPW asked Canales to disclose information about the methodology he used to search electronically stored information (ESI). Claiming that OPW has "not propound[ed] a specific discovery request in connection with his ESI methodology," Canales maintains that he need not provide a response. D.E. 160–11 at 4–8.

Citing a responding party's obligation to search ESI, OPW maintains that this data is discoverable. OPW also points to the parties' Joint Plan for ESI (D.E. 126). And OPW notes that it produced information to Canales on its ESI efforts, including the terms searched.

As to search terms and methodology, the parties' Joint Plan provides that the parties will meet and confer as necessary to conduct ESI searches and respond to document requests. D.E. 126 at 2. But as Canales contends, it does not require a party to provide the methodology it undertook to follow ESI protocols. So the Joint Plan creates no obligation that he provide the information. And the fact that one party produced the information, without more, fails to establish a duty that the other party similarly respond.

So the court denies the motion to compel on this issue.

### D. Attorney's Fees

Under the Federal Rules, when a court partially grants a motion to compel, it may "apportion the reasonable expenses for the motion." Fed. R. Civ. P. 37(a)(5)(C). OPW has substantially prevailed on its motion, so it is entitled to recover most, if not all, of the reasonable expenses, including attorneys' fees, it incurred in pursuing the motion. If it wishes to recover those expenses, it must meet and confer with opposing counsel no later than 7 days after entry of this order. If the parties cannot agree on that issue, the OPW must move for an award of expenses no later than 14 days after entry of this motion. Its filings should include all the information required by Fourth Circuit precedent for the court to assess the request, including an argument about the portion of its fees that it is entitled to recover.

## II. Conclusion

As discussed above, the court grants OPW's motion in part. D.E. 159. Canales must supplement his responses as required by this order no later than 14 days after entry of this order.

14

Dated: February 18, 2025

_____
Robert T. Numbers, II
United States Magistrate Judge