IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:22-CV-00459-BO-RJ

| | |
|---|---|
| **Ovis Matamoros Canales**, on behalf of himself and all others similarly situated, | |
| Plaintiff, | |
| v. | **Order** |
| **OPW Fueling Components, LLC**, | |
| Defendant. | |

The court previously entered a Scheduling Order that explained the scope of discovery and set deadlines for various pretrial aspects of this case. D.E 111. The scheduling order bifurcated discovery. During Phase I, discovery was limited to the factual circumstances underlying a potential motion for class certification by Plaintiff Ovis Matamoros Canales, as well as matters related to Canales's individual state-law claims. *Id.* at 1–2. The Scheduling Order required that all Phase I discovery would need to be completed no later than November 8, 2024. *Id.* ¶ 4(a). It also obligated the parties to engage in mediation no later than 30 days after the close of discovery. *Id.* ¶ 10(a). Any motion for class certification was due no later than 30 days after the later of the close of Phase I discovery or the impasse of the parties' mediation efforts. *Id.* ¶ 8.

Shortly before the close of discovery, the parties jointly moved to hold various deadlines in the Scheduling Order in abeyance pending the outcome of several motions. D.E. 153. The Joint Motion outlined the parties' discovery efforts and sought to delay the deadline for completing Phase I discovery, moving for class certification, and completing mediation. *Id.* at 4. The parties suggested that pausing these deadlines until the motions were resolved would "permit an efficient use of resources at the conclusion of Phase I discovery." *Id.* ¶ 9.

Yet while the Joint Motion was pending, Canales asked the court to conditionally certify a class under the Federal Fair Labor Standards Act and the North Carolina Wage and Hour Act. D.E. 167. That filing caused Defendant OPW Fueling Components, LLC to withdraw their consent to the request to extend the motion to file for class certification and the request to extend the portion of Phase I discovery dealing with a potential class certification motion. Notice ¶¶ 3, 4. It argues that those portions of the Joint Motion are now moot given that Canales moved for class certification. *Id.* OPW, however, continued to seek an extension of the Phase I period to conduct discovery related to Canales's individual claims. *Id.* ¶ 5.

The Federal Rules allow the court to amend a scheduling order "only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4). When considering if a party has met the good cause standard, "the primary consideration is the diligence of the moving party." *Dynatemp Int'l, Inc.* v. *R421A*, LLC, 672 F. Supp. 3d 87, 101 (E.D.N.C. 2023).

Having considered the parties' filings, the court concludes that they have diligently attempted to meet the deadlines in the Scheduling Order. But the court also concludes that the requested relief related to Canales's motion for class certification are moot. By filing that motion, Canales has obviated the need for an extension of time to do so or an extension of time to conduct additional discovery related to it.

So the court grants the Joint Motion (D.E. 153) in part. The court orders that the following deadlines are extended until 60 days after the court resolves the motions at D.E. 141, 147, 157, and 159:

1. The completion of Phase I discovery related to Canales's individual claims under the North Carolina Retaliatory Employment Discrimination Act and under North Carolina public policy, which are not brought on behalf of others similarly situated.

2. The completion of a mediated settlement conference.

   The remainder of the motion is denied. All other deadlines remain unchanged.

Dated: February 18, 2025

_Robert T Numbers II_
Robert T. Numbers, II
United States Magistrate Judge