IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:22-CV-00459-BO

| | |
|---|---|
| **Ovis Matamoros Canales**, on behalf of himself and all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>**OPW Fueling Components LLC**,<br><br>Defendant. | **Order** |

Before the court is Plaintiff Ovis Matamoros Canales's motion to quash subpoenas to his current and former employers. He argues the subpoenas are procedurally defective, seek irrelevant information, and seek information that can be obtained more simply through other discovery tools. Alternatively, he asks the court to enter a protective order prohibiting this form of discovery. Defendant OPW Fueling Components, LLC opposes the motion. The court finds OPW's arguments persuasive and will deny the motion to quash.

**I.  Background**

Canales has sued his former employer, OPW, among other things, violating his rights under the Federal Fair Labor Standards Act and the North Carolina Wage and Hour Act. Second Am. Compl., D.E. 100. He seeks various damages, including pay-related damages and damages for severe emotional distress. *Id.* ¶¶ 96, 155, 161.

In late September 2024, OPW notified Canales's attorney of subpoenas seeking documents from Canales's current and former employers. Email from Savannah Tuttle to Gilda Hernandez (Sept. 26, 2024 1:46 p.m.), D.E. 148–1. It then served those subpoenas. Email from David Klass to Hernandez (Oct. 1, 2024 11:44 a.m.), D.E. 148–4 at 5. The subpoenas sought production of a

variety of employment records from each entity by the end of October 2024. D.E. 148–2 at 5–9 & 13–17. Then, after conferring with OPW, Canales filed this motion.

**II. Discussion**

The Federal Rules allow parties to "obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case[.]" Fed. R. Civ. P. 26(b)(1). They provide several tools, including subpoenas, to obtain discoverable information. *Id.* Rule 45.

Rule 45 permits a party to issue subpoenas for the production of documents and other things from nonparties. *See id.* Rule 45(a)(1)(C). The court may quash a subpoena that "subjects a person to undue burden." *Id.* 45(d)(3)(A)(iv). A party may challenge a subpoena on the grounds that it is overbroad or seeks irrelevant information. *Id.* 26(b)(1); *see also EEOC* v. *Bojangles' Rests., Inc.*, No. 5:16-CV-654-BO, 2017 WL 2889493, at *4 (E.D.N.C. July 6, 2017). The party moving to quash the subpoena must show that it is entitled to the relief it seeks. *Va. Dep't of Corr.* v. *Jordan*, 921 F.3d 180, 189 n.2 (4th Cir. 2019).

As alternative relief, Canales requests a protective order. The Federal Rules allow a party to seek a protective order restricting the scope or manner of discovery. Fed. R. Civ. P. 26(c)(1). That order may forbid certain discovery, set specific terms governing discovery, or limit the scope of matters that may be inquired into. *Id.* The party seeking the protective order bears the burden of showing good cause for the court to issue it. *Martin* v. *Bimbo Foods Bakeries Distrib., LLC*, 313 F.R.D. 1, 6 (E.D.N.C. 2016).

Canales offers three reasons to quash the subpoenas. First, he maintains that they are procedurally defective because OPW failed to provide proper notice before serving them. Second, Canales claims that the subpoenas are overly broad and seek irrelevant information. And third, he

2

argues that the information is available through alternative means that are less expensive and more convenient.

### A. Notice[1]

Canales first challenges the subpoenas on procedural grounds. He asserts that OPW failed to give him adequate prior notice before issuing the subpoenas. OPW maintains it notified Canales's attorney by email before issuing the subpoenas.

The Federal Rules of Civil Procedure authorize the use of subpoenas to obtain documents and electronically stored information from third parties. Fed. R. Civ. P. 45(a). But "before" a subpoena of that type "is served on the person to whom it is directed, a notice and a copy of the subpoena must be served on each party." Fed. R. Civ. P. 45(a)(4). This requirement allows "the other parties to object or to serve a subpoena for additional materials." *Id.* Rule 45 Advisory Committee Note to 2007 Amendment.

The Rule's requirements are straightforward: a notice and the copy of the subpoena must be served on all other parties before it may be served on the third party. The Rule does not require that a party provide a particular amount of notice before service can occur.[2] Since the Federal Rules are riddled with timing deadlines, their authors knew how to include them when they desired to impose such a deadline. Thus the court concludes that Rule 45(a)(4) does not require a specific amount of advanced notice; it only requires that notice occurs before the subpoena is served on the third party.

---

[1] The court need not addresses Canales's standing to pursue a motion to quash subpoenas issued to his current and former employers. As the subject of the discovery requests, Rule 26(c)(1) allows Canales to seek a protective order restricting the scope or manner of discovery. The Rule protects the same interests as Rule 45. *See Schaaf* v. *SmithKline Beecham Corp.,* 233 F.R.D. 451, 453 (E.D.N.C.2005) ("Rule 45 adopts the standard[s] codified in Rule 26."). And this court has found that an employee has standing to challenge subpoenas seeking employment information. *See EEOC,* 2017 WL 2889493, at *3.

[2] Some courts have enacted local rules requiring more notice than Rule 45 requires. *See* Western District of North Carolina Local Civil Rule 45.2. This court, however, has not adopted such a rule.

Case 5:22-cv-00459-BO-RJ     Document 190     Filed 02/19/25     Page 3 of 6

OPW has met that standard. It has established that it served the subpoenas on the third parties after it notified Canales's attorney of its intent to do so and provided her with a copy of the subpoenas. So Canales's notice-based argument is unpersuasive.

B.  **Overbreadth and Relevancy Challenges**

Canales next challenges the breadth and relevancy of the subpoenas. He claims that they seek irrelevant information and are an "inappropriate attempt" to "invade [his] personal life[.]" Mem. in Supp. at 8. OPW disagrees and argues that the subpoenaed materials are relevant to his credibility, his attempts to mitigate his damages, and his emotional distress claims. Resp. in Opp'n at 5–10, D.E. 152.

In determining what is discoverable, "Rule 45 adopts the standard codified in Rule 26," which allows a broad scope of discovery. *Schaaf* v. *SmithKline Beecham Corp.*, 233 F.R.D. 451, 453 (E.D.N.C. 2005). That scope includes all non-privileged materials that are "relevant to any party's claim or defense and proportional to the needs of the case[.]" Fed. R. Civ. P. 26(b)(1). Although Rule 26 does not define relevancy, the term has been "broadly construed to encompass any possibility that the information sought may be relevant to the claim or defense of any party." *EEOC* v. *Sheffield Fin. LLC*, No. 1:06-CV-889, 2007 WL 1726560, at *3 (M.D.N.C. June 13, 2007) (citation omitted).

OPW sets out several reasons why the subpoenaed materials are relevant. With respect to credibility, it notes that his employment records may include statements to his employers about why he left OPW. It also claims that the materials are relevant to whether Canales has made adequate attempts to mitigate his damages. And it maintains that since he has placed his mental state at issue, but has not sought medical care for any emotional issues, it should be able to consult

4

his employment records to see if mental health issues have limited his ability to work for other employers. These issues are all relevant to the claims and defenses in this case.

The subpoenas no doubt seek a broad array of documents. But the subpoenaed documents could conceivably contain information related to the relevant topics OPW has identified. Many of the requested items relate to Canales's wages and other financial benefits he may have received. So these items are relevant to the mitigation of damages issue. And many of the other documents relate to his attendance and performance in these new roles. Those items may shed light on whether and how any emotional distress he suffered has impacted his performance or employability. There is also the potential that the materials OPW seeks may provide insight into why Canales claims his employment with OPW ended. It is common for employers to want to know why an applicant left a prior job. Thus the court concludes the subpoena seeks relevant documents and there is no basis to preclude OPW from obtaining them.

### C. Scope of Phase I Discovery

Canales also argues that the subpoenaed documents fall outside the scope of Phase I discovery authorized by the Scheduling Order. But that order allows discovery into Canales's individual claims under the North Carolina Retaliatory Discrimination Act and under North Carolina public policy. Scheduling Order at § 3(c), D.E. 111. He has not explained why the requested documents are not relevant to these claims. Thus his argument is unpersuasive.

### D. Alternative Source

Finally, Canales contends that the information the subpoenas seek is better available through another source. Canales asserts that it is less expensive and more convenient for him to explain his compensation after leaving OPW through written discovery requests.

The Federal Rules authorize the court to "limit the frequency or extent of discovery" under a number of circumstances. Fed. R. Civ. P. 26(b)(2)(C). One of those circumstances is when "the discovery sought . . . can be obtained from some other source that is more convenient, less burdensome, or less expensive." *Id.* Rule 26(b)(2)(C)(i).

Canales claims that this standard is met here because he has offered to respond to written discovery requests related to his post-OPW compensation. Mem. in Supp. at 10. While that is an alternative source for some of the subpoenaed documents, it is not a substitute for them all. As OPW explained, the subpoenaed documents relate to credibility issues as well as the impact of any emotional distress on Canales. Plus, he has not established that using his preferred method of obtaining this information is more convenient, less burdensome, or less expensive than subpoenaing the documents directly from his employers. It is hard to conceive how that could be the case since, unlike the subpoenas, responding to a discovery request requires affirmative action on Canales's part. And given the frequency and intensity of the discovery disputes in this case, it is likely that any attempt to obtain materials directly from him would be just as inconvenient, burdensome, and expensive as using a subpoena. His arguments on this point are unpersuasive.

## III. Conclusion

The court denies Canales's motion to quash (D.E. 147). Each party must bear their own costs.[3] The subpoenaed entities must produce the requested documents within 14 days from the date OPW serves them with a copy of this order.

Dated: February 18, 2025

*Robert T. Numbers II*
_____
Robert T. Numbers, II
United States Magistrate Judge

---

[3] Unlike Rule 37, Rule 45 does not provide for an award of fees to a party that prevails on a motion to quash.