IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:22-CV-00459-BO

**Ovis Matamoros Canales**, on behalf of himself and all others similarly situated,

Plaintiffs,

v.

**OPW Fueling Components LLC**,

Defendant.

**Order**

Plaintiff Ovis Matamoros Canales has asked the court to compel Defendant OPW Fueling Components, LLC, to supplement its responses to written discovery.[1] D.E. 157. OPW maintains that the issues raised in the motion are moot or otherwise lack merit. D.E. 161. The court finds OPW's argument persuasive and thus denies Canales's motion.

**I.  Discussion**

The Federal Rules allow parties to "obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case[.]" Fed. R. Civ. P. 26(b)(1). They provide several tools, including interrogatories and requests for production, to obtain discovery from other parties. *Id.* 33, 34.

The Rules also allow a requesting party to move to compel if the responding party's discovery responses are incomplete or inadequate. Fed. R. Civ. P. 37(a). The party resisting or objecting to discovery "bears the burden of showing why [the motion to compel] should not be

---

[1] Matamoros Canales attached six exhibits to its supporting memorandum. D.E. 158. Contrary to the court's Electronic Case Filing administrative Policies and Procedures Manual, the exhibits are not indexed as required. *See* Section V(E)(2) of the Policy Manual. Given the significant number of case filings, the parties should be well-familiarized with the court's rules, policies, and procedures. Future filings which fail to adhere to them may be stricken.

granted." *Mainstreet Collection, Inc.* v. *Kirkland's, Inc.*, 270 F.R.D. 238, 241 (E.D.N.C. 2010). To meet this burden, the non-moving party "must make a particularized showing of why discovery should be denied, and conclusory or generalized statements fail to satisfy this burden as a matter of law." *Id*.

### A.     Boilerplate Objections

Canales contends that OPW's responses contain multiple impermissible boilerplate objections and asks the court to waive them. OPW claims that their responses are sufficient because they state the reason underlying the objection. The court agrees with OPW that its objections comply with the Federal Rules.

The Federal Rules require that objections to interrogatories "must be stated with specificity." Fed. R. Civ. P. 33(b)(4). Given this requirement, boilerplate objections are improper and may be stricken by the court. *Silicon Knights, Inc.* v. *Epic Games, Inc.*, 917 F. Supp. 2d 503, 533 (E.D.N.C. 2012) (granting motion to compel where plaintiff's responses to defendant's interrogatories and requests for production "comprise[d] nothing but a laundry list of boilerplate objections" and "failed to articulate any specific objection to any particular interrogatory or request for production"); *Kinetic Concepts, Inc.* v. *ConvaTec, Inc.*, 268 F.R.D. 226, 241 (M.D.N.C. 2010) ("[M]agistrate judges in at least five district courts in the Fourth Circuit have declared boilerplate objections to discovery requests, including for documents, invalid.") (citing cases).

With this standard in mind, the court turns to Canales's arguments.

#### 1.     Interrogatory 3

In his third interrogatory, Canales seeks the identity of "each individual or custodian of record who is responsible for any concerns related to IT, electronic, and/or computer issues[.]" D.E. 1511– at 11. He specifically wants to know the identity of "individuals who may have

2

knowledge or understand Defendant's policies and practices relating to preservation efforts with respect to electronic documents, timekeeping, payroll, and/or documents and electronic communications[.]" *Id.* at 12.

In response, OPW objected that the request is "overbroad unduly burdensome, vague, ambiguous, and seek[s] information not related to" the claims and defenses. Resp. Interrog. 3, D.E. 1582– at 15. The objection then explained that it was "unclear what 'custodian of records' references." *Id.* It also claimed the phrase "responsible for any concerns related to IT, electronic, and/or computer issues" was vague and ambiguous such that it could not determine the scope of the request or what information Canales hoped to obtain from it. *Id.* Then, after stating several other objections, OPW identified three individuals it believed to be responsive to the request. *Id.* at 16.

In support of his motion, Canales argues that OPW "objected on boilerplate grounds, contending that it was unclear was [sic] 'custodian of records' referred to." Mem. in Supp. at 3, D.E. 158. OPW responds that it "provided detailed specific reasons for the objections to each of these interrogatories." Resp. in Opp'n at 6.

OPW has stated its objections to Interrogatory 3 with specificity. It explains why it believes portions of the request are vague and ambiguous. Canales's argument to the contrary is unpersuasive.

Canales also attacks the sufficiency of OPW's substantive response, arguing that it did not identify an "individual or custodian of record who is responsible for any concerns related to IT, electronic, and/or computer issues[.]" Mem. in Supp. at 3. OPW answers this charge by explaining that it "identified two individuals with knowledge of timekeeping and payroll policies and

3

practices and another individual with knowledge of preservation of electronic records." Resp. in Opp'n at 7. It was unaware of any other individuals who would be responsive to Canales's request.

The court is satisfied that OPW has responded adequately to Interrogatory 3. As noted by OPW, "[t]he interrogatory is confusing" and it has made a good-faith attempt to respond. *Id.* In the event other responsive information is located, OPW will need to supplement its response as required by Rule 26(e). Canales's motion is denied on this issue.

### 2. Certification

Canales asks the court to compel OPW to certify that it has fully responded to his discovery requests because he is concerned that it is "hiding behind its boilerplate objections to avoid responding to discovery requests." Mem. in Supp. at 4. OPW responds that no such certification is required by Rule 33 and it has complied with Rule 34 by indicating when it has withheld documents because of an objection.

The Federal Rules explain the relationship between a party's objection to an interrogatory or request for production and its substantive response. As discussed above, Rule 33 requires objections to be stated with specificity. Fed. R. Civ. P 33(b)(4). But "to the extent it is not objected to," an interrogatory must "be answered separately and fully in writing under oath." *Id.* Rule 33(b)(3).

Rule 33's Advisory Committee Notes explain how this provision is supposed to work. The Notes provide, as an example, "an interrogatory seeking information about numerous facilities or products" that is deemed objectionable by the responding party because of the number of facilities or products involved. Fed. R. Civ. P. 33 Advisory Committee Note to 1993 Amendments Subdivision (b). If "an interrogatory seeking information about a lesser number of facilities or

4

products would not have been objectionable, the interrogatory should be answered with respect to the latter even though an objection is raised as to the balance of the facilities or products." *Id*.

Rule 34 contains a similar requirement. That rule obligates parties to "state with specificity the grounds for objecting to the request, including the reasons." Fed. R. Civ. P. 34(b)(2)(B). If a request is not objectionable in its entirety, the responding party should specifically note the objectionable portion and respond to the rest. *Id.* Rule 34(b)(2)(C). And an objecting party must also "state whether any responsive materials are being withheld on the basis of that objection." *Id.* 34(b)(2)(C).

Rule 34's Advisory Committee Notes elaborate on this issue. For example, "[a]n objection may state that a request is overbroad, but if the objection recognizes that some part of the request is appropriate the objection should state the scope that is not overbroad." Fed. R. Civ. P. 34 Advisory Committee Note to 2015 Amendment Subsection (B)(2)(B). In such a circumstance, it would be appropriate for the responding party to say that it "will limit the search to documents or electronically stored information created within a given period of time prior to the events in suit, or to specified sources." *Id.*

These requirements are buttressed by Rule 26(g). That rule requires that, unless signed by a party, "every discovery request, response, or objection must be signed by at least one attorney of record in the attorney's own name[.]" Fed. R. Civ. P. 26(g). By signing the document, the signer is certifying several things, including that a request, response, or objection is "consistent with these rules[.]" *Id.* Rule 26(g)(1)(B). "If a certification violates this rule without substantial justification" the court must sanction the signer. *Id.* Rule 26(g)(3). Those sanctions "may include an order to pay the reasonable expenses, including attorney's fees, caused by the violation." *Id.*

5

Considering these requirements, Canales's request for a certification is unnecessary. He has not shown that OPW has relied on boilerplate objections to avoid its discovery obligations. His motion is denied on this point.

### 3. Protective Order

Canales next attacks OPW for refusing to produce confidential documents until the parties have "agreed to enter a protective order regarding the disclosure of confidential information." Mem. in Supp. at 4. He finds this argument confusing given that the parties agreed upon the terms of a protective order, which the court entered on September 23, 2024. *Id*.

The principal flaw in Canales's argument is that the parties did not agree to the terms of a protective order until September 22, 2024—nine days after it served its objection. Email from Gilda Hernandez to David Klass (Sept. 22, 2024 9:14:26 a.m.), D.E. 1611– at 2. OPW supplemented its responses with the withheld documents the next day. D.E. 1582– at 39. So the court denies this portion of Canales's motion.

### B. Electronically Stored Information

Canales next raises three challenges OPW's responses to a variety of requests. First, Canales argues that OPW violated the Federal Rules when it said that it would produce responsive documents on a rolling basis. Second, Canales contends that it is doubtful that OPW has produced all responsive ESI. And third, he complains that OPW "did not include bates [sic] numbers identifying which documents were responsive to each request." Mem. in Supp. at 6.

### 1. Rolling Production

Canales maintains that OPW is attempting to "dodge its discovery violations" by responding that it would produce responsive documents on a rolling basis. Mem. in Supp. at 4. He takes issue with the company's statement that because of the scope of his requests and the volume

6

of data involved, it would begin producing ESI on November 12, 2024, and then continue producing it on a rolling basis.

But contrary to Canales's position, the Federal Rules permit rolling production of documents and electronically stored information. Generally, a party must respond to a request for production no later than 30 days after the requests were served. Fed. R. Civ. P. 34(b)(2)(A). That response "must either state that inspection and related activities will be permitted as requested or state with specificity the grounds for objecting to the request, including the reasons." *Id.* Rule 34(b)(2)(B). Rather than allowing inspection of responsive materials, a "responding party may state that it will produce copies of documents or of electronically stored information[.]" *Id.* If a party chooses this latter option, "[t]he production must then be completed no later than the time for inspection specified in the request or another reasonable time specified in the response." *Id.* And "[w]hen it is necessary to make the production in stages the response should specify the beginning and end dates of the production." *Id.* Rule 34 Advisory Committee Note to the 2015 Amendments. So there was nothing inherently wrong with OPW stating that it would produce responsive ESI on a rolling basis.

Canales also takes issue with the fact that the date OPW chose for production was after the close of Phase I discovery in this case. But since OPW completed its production by the close of discovery, that argument is not persuasive. The portion of Canales's motion is denied.

### 2. Outstanding Responses

During calls in October 2024, OPW told Canales that it had produced all ESI responsive to his discovery requests. But given the few documents produce and the limited scope of those documents, Canales does not believe OPW's representation. He asks the court to compel OPW to fully respond to his request.

7

OPW contends that it has searched for ESI using the search terms Canales requested and produced any responsive documents. And it has, on its own, undertaken an expanded search using more terms and agreed to produce any additional documents by November 8, 2024.

OPW has shown that it has made a good-faith effort to comply with its obligations under the Federal Rules. Canales's incredulity, without more, does not entitle him to relief. His motion is denied on this point.

### 3. Bates Numbers

Canales also requests that the court require OPW amend its responses to his requests for production to specify which documents were responsive to each request. OPW responds that it informed Canales in late October 2024 that it would supplement its response to include this information on November 8, 2024, which it did. It is unclear why Canales did not wait to see if OPW would honor its commitment, but, in any event, this portion of his motion is denied as moot.

### C. Discovery on Putative Plaintiffs

OPW objected to Canales's discovery request related to putative plaintiffs, asserting it is outside the scope of Phase I discovery. But Canales claims that the Scheduling Order suggests such discovery is permissible. Because Phase I is inclusive of matters such as timekeeping records for similarly situated employees, it inherently permits class-wide discovery. He contends that courts in this Circuit routinely order employers to produce contact information for purported plaintiffs.

The court has addressed the scope of Phase I discovery as it relates to putative plaintiffs, including the hours and dates they worked, in its Order on OPW's motion for reconsideration. For the reasons stated in that Order, information regarding individuals who are not parties to the

litigation is unnecessary to class certification. So it falls outside of Phase I discovery. The court thus denies the motion to compel on this issue.

### D. Requests 13 and 15

Finally, Canales seeks additional responses about his wages and benefits. OPW has said that it has fully responded and produced all documents. But Canales maintains that the information produced references other documents, such as plan documents and a summary plan description. Because he has made no claim for the denial of employee benefits, OPW contends that "specifics related to employee benefits plans" that Canales requested are irrelevant and outside the scope of discovery. The court finds OPW's position persuasive. So the court denied the motion to compel on this claim.

Canales also requested OPW's organizational chart (Request 15). OPW denied that such a chart exists. While Canales does not believe that response, he fails to show that it is false or implausible. So the court denies the motion to compel on this issue.

### E. Attorney's Fees

Under the Federal Rules of Civil Procedure, OPW is entitled to recover the reasonable expenses, including attorney's fees, that it incurred in opposing the motion to compel. Fed. R. Civ. P. 37(a)(5)(B). The only exceptions to these rules are if the moving party's "motion was substantially justified or other circumstances make an award of expenses unjust." *Id.*

If OPW wishes to recover those expenses, it must meet and confer with Canales's counsel no later than 7 days after entry of this order. If the parties cannot agree on that issue, OPW must move for an award of its expenses no later than 14 days after entry of this motion. Its motion should include all the information required by Fourth Circuit precedent for the court to assess the request. Canales's response may discuss why the exceptions provided in Rule 37(a)(5)(B) apply here.

## II. Conclusion

As discussed above, the court denies Canales's motion to compel. D.E. 157.

Dated: February 18, 2025

_____
Robert T. Numbers, II
United States Magistrate Judge