IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:22-CV-00459-BO

**Ovis Matamoros Canales**, on behalf of himself and all others similarly situated,

Plaintiffs,

v.

**OPW Fueling Components LLC**,

Defendant.

**Order**

Before the court is an amended motion by Defendant OPW Fueling Components, LLC asking the court to reconsider the Scheduling Order. It asks the court to clarify the scope of Phase I discovery.[1] Alternatively, the motion seeks a Protective Order to exclude from Phase I discovery information on putative plaintiffs.[2] Plaintiff Ovis Matamoros Canales opposes the motion. The court finds OPW's argument persuasive and will grant its motion in part.

**I.      Background**

Plaintiff Ovis Matamoros Canales has sued his former employer, Defendant OPW Fueling Components, LLC, for, among other things, violating his rights under the Federal Fair Labor Standards Act and the North Carolina Wage and Hour Act. D.E. 100.

In June 2024, the court held a hearing on case management deadlines. Hr'g Tr., D.E. 129. The Scheduling Order allowed two phases for discovery. D.E. 111. In additional to information on

---

[1] OPW attached exhibits to its supporting memorandum. D.E. 142. Contrary to the court's Electronic Case Filing Administrative Policies and Procedures Manual, the exhibits are not labeled as required. *See* Section V(E)(1)(e) of the Policy Manual. Given the significant number of case filings here, the parties should be well-familiarized with the court's rules, policies, and procedures. Future filings which fail to adhere to them may be stricken.

[2] It maintains that certain employees have signed binding arbitration agreements that would foreclose their ability to join a class action here.

his individual claims, Phase I centered on factual circumstances underlying Canales's potential motion(s) for class and collective action certification. *Id.* at 1. And it allowed discovery on hours and dates worked by Canales and similarly situated employees. *Id.* at 2.

OPW asks the court to clarify the scope of Phase I discovery. In the alternative, it asks the court to enter a Protective Order limiting Phase I discovery regarding non-parties.

## II. Discussion

### A. Reconsideration

Federal Rule of Civil Procedure 54 allows a court to revise its interlocutory orders any time before final judgment when such relief is warranted. Fed. R. Civ. P. 54(b); *see also Am. Canoe Ass'n* v. *Murphy Farms, Inc.*, 326 F.3d 505, 514–15 (4th Cir. 2003). Generally, motions for reconsideration under Rule 54(b) are granted only where: (1) there has been intervening change in controlling law; (2) there is additional evidence that was not previously available; or (3) the prior decision was based on clear error or would work manifest injustice. *See United States Tobacco Cooperative* v. *United States*, No. 5:18-CV-473-BO, 2019 WL 8323614, at *1 (E.D.N.C. Nov. 8, 2019); *Matter of Vulcan Constr. Materials, LLC*, 433 F. Supp. 3d 816, 819–20 (E.D. Va. 2019). The decision to grant a motion under Rule 54(b) "lies within the discretion of the court," and such motions are "disfavored and should be granted sparingly." *United States Tobacco Cooperative*, 2019 WL 8323614, at * 1 (citation and internal quotation marks omitted).

In the hearing on the scheduling order, the court specifically declined to address the appropriateness of the disputed topics related to putative plaintiffs. D.E. 129 at 28:10. It stated that it would leave such matters to the parties to address through discovery and motions practice. *Id.* at 28:11–12.

So the motion for reconsideration is denied.

B.     **Protective Order**

The Federal Rules allow a party to seek a protective order restricting the scope or manner of discovery. Fed. R. Civ. P. 26(c)(1). That order may forbid certain discovery, set specific terms governing discovery, or limit the scope of matters that may be inquired into. *Id.* The party seeking the protective order bears the burden of showing good cause for the court to issue it. *Martin* v. *Bimbo Foods Bakeries Distrib., LLC*, 313 F.R.D. 1, 6 (E.D.N.C. 2016).

Canales requested documents about hours worked, payments, time sheets, and schedules for putative plaintiffs. D.E. 1422–, Ex. B. OPW claims that discovery on hours and dates worked by similarly situated employees is neither relevant to Phase I discovery nor proportional to the needs of the case. Canales maintains that this information is relevant and consistent with the Scheduling Order.

Having reviewed the parties' arguments, the court agrees with OPW. The requested discovery is not germane to Phase I issues because it relates to individuals who are not yet parties. Canales's memorandum in support of his motion for conditional certification bolsters this conclusion. D.E. 168. It does not rely on the wages of other employees, nor suggest they are necessary, to establish any of the relevant factors. *Id.* Instead, he states that the time worked and wages due are not significant to the FLSA determination. *Id.* at 12. OPW argues that the information is irrelevant and says it will not (and cannot) rely on such information in their response to the class certification motion.

And since Canales has moved for class certification, even if the materials were relevant, requiring production at this time is disproportional to the needs of the case.

So the court finds merit to OPW's motion. It will allow a Protective Order excluding from Phase I discovery information on individuals who are not parties to the case.

### III. Conclusion

The court denies OPW's motion (D.E. 141) to the extent that it seeks reconsideration of the Scheduling Order. But it grants the motion (D.E. 141) as to the request for a Protective Order. It excludes information on individuals who are not parties from Phase I discovery. The court Canales's position to be substantially justified, so each party must bear their own costs. Fed. R. Civ. P. 26(c)(3) & 37(a)(5).

Dated: February 18, 2025

_____
Robert T. Numbers, II
United States Magistrate Judge