IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:22-cv-459-BO-RJ

| | |
|---|---|
| OVIS MATAMOROS CANALES, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | O R D E R |
| ) | |
| OPW FUELING COMPONENTS LLC, ) | |
| ) | |
| Defendant. ) | |

This matter comes before the Court on plaintiff's appeal [DE 194]; [DE 199] of United States Magistrate Judge Robert T. Numbers, II's February 18, 2025, orders [DE 187]; [DE 188]; [DE 190]; [DE 191]; [DE 192]. Plaintiff contemporaneously moved [DE 195] to stay two of those orders [DE 188]; [DE 191] pending her appeal. Defendant responded [DE 203] and plaintiff replied [DE 211]. Also before the Court are defendant's motion for attorneys' fees [DE 197] related to the parties' motions to compel, to which plaintiff responded [DE 205], and defendant's motion for sanctions against third parties [DE 214], to which plaintiff responded [DE 216]. Finally, the Court considers plaintiff's unopposed motion to transfer trial venue [DE 256]. In this posture, the motions are ripe for ruling. For the reasons that follow, the motions are denied, except for plaintiff's appeal [DE 199] which is denied in part and granted to the extent it seeks to reverse Judge Numbers' award of attorneys' fees to defendant.

## BACKGROUND

Plaintiff Canales alleges his former employer, defendant OPW Fueling Components LLC, did not properly compensate him for the overtime that he spent washing up and applying personal protective equipment (PPE) before and after his shifts and mandated lunch breaks. On October 28,

2021, plaintiff was involved in a workplace accident which injured a fellow worker. During the internal investigation, plaintiff maintained that his managers condoned the unsafe practices which resulted in his coworker's injury. After the investigation, defendant terminated plaintiff's employment. Plaintiff filed this suit under the Fair Labor Standards Act, the North Carolina Wage and Hour Act, and for unlawful retaliation under the North Carolina Retaliatory Employment Discrimination Act.

## DISCUSSION

### I. Plaintiff's Appeal of United States Magistrate Judge Numbers' Orders [DE 194]; [DE 199]

On February 18, 2025, United States Magistrate Judge Robert T. Numbers, II signed several orders, denying plaintiff's motion to strike defendant's motion to compel [DE 187], granting defendant's motion to compel [DE 188], denying plaintiff's motion to quash subpoenas to his current and former employers [DE 190], denying plaintiff's motion to compel [DE 191], and denying plaintiff's motion to reconsider the scheduling order and clarify the scope of Phase I discovery [DE 192].

A district court permits a magistrate judge to hear and decide any "pretrial matter not dispositive of a party's claim or defense." Fed. R. Civ. P. 72(a). The court must "consider timely objections and modify or set aside any part of [a magistrate judge's] order that is clearly erroneous or is contrary to law." *Id.* "A factual finding is clearly erroneous when [a court is] 'left with the definite and firm conviction that a mistake has been committed.'" *TFWS, Inc. v. Franchot*, 572 F.3d 186, 196 (4th Cir. 2009). "Contrary to law" indicates plenary review of legal conclusions. *Stonecrest Partners, LLC v. Bank of Hampton Roads*, 770 F. Supp. 2d 778, 782 (E.D.N.C. 2011). Greater deference, however, is accorded to magistrate judges' decisions on discovery and scheduling disputes. *See, e.g., In re Outsidewall Tire Litig.*, 267 F.R.D. 466, 470 (E.D. Va. 2010)

("Indeed, the fact-specific character of most discovery disputes and the discretionary standard for resolution of discovery disputes under the Federal Rules suggest that magistrate judges ordinarily have ample discretionary latitude in disposition of those matters.").

*a. Discovery*

Most of plaintiff's numerous objections to Judge Numbers' February 18, 2025, orders can be reduced to one major complaint: the orders are erroneous because they allowed defendant to resist all class-wide discovery, effectively denying plaintiff any discovery on putative class information. The Court recently denied plaintiff's motion for reconsideration of its order denying class certification, rejecting the contention that plaintiff had been completely deprived of class-wide discovery. Plaintiff's appeal of Judge Numbers' orders is moot to the extent that it concerns the class-wide scope of discovery or the substance of the parties' discovery requests and motions to compel.

Plaintiff also appeals Judge Number's order [DE 190] denying plaintiff's motion to quash subpoenas seeking documents from plaintiff's current and former employers. The Court affirms Judge Numbers' denial of plaintiff's motion to quash. However, the Court considers plaintiff's argument in favor of his motion to quash below, in the context of defendant's motion to compel the employers' responses to those discovery requests.

*b. Attorneys' Fees*

When a court grants in part and denies in part a party's motion to compel, the court "may, after giving an opportunity to be heard, apportion the reasonable expenses for the motion." Fed. R. Civ. P. 37(a)(5)(C). "When the Court grants in part and denies in part a motion to compel, Rule 37 authorizes (but does not generally require) the Court to 'apportion the reasonable expenses for the motion.'" *Walls v. Ford Motor Co.*, 2021 U.S. Dist. LEXIS 184063, *48. Although defendant

substantially prevailed on its motion to compel, the Court exercises its discretion under Fed. R. Civ. P. 37(a)(5)(C) not to apportion the expenses incurred in litigating defendant's motion to compel. To the extent Judge Numbers' order [DE 188] entitled defendant to attorneys' fees, the order is reversed, and the parties will bear their own costs.

## II. Defendant's Motion for Attorneys' Fees [DE 197]

Judge Numbers' February 18 orders denied plaintiff's motion to compel and granted defendant's motion to compel in part. As discussed above, the Court will not award attorneys' fees for defendant's motion to compel. The remaining issue is plaintiff's motion to compel. Judge Numbers' February 18 orders instructed the parties to meet and confer on the issue of apportioning attorneys' fees related to plaintiff's motion to compel. Judge Numbers instructed that if the parties cannot agree on the apportionment, defendant must move for an award of expenses, and plaintiff's response may discuss why the exceptions provided in Rule 37(a)(5)(B) apply. [DE 191]. Defendant moved to be awarded its attorneys' fees related to the motion, and plaintiff responded.

When a motion to compel is denied, the court "must, after giving an opportunity to be heard, require the movant, the attorney filing the motion, or both to pay the party or deponent who opposed the motion its reasonable expenses incurred in opposing the motion, including attorney's fees." Fed. R. Civ. P. 37(a)(5)(B). The court may not, however, award attorney's fees "if the motion was substantially justified or other circumstances make an award of expenses unjust." *Id.* Those prohibitions to an award of attorney's fees also apply to subsection 37(a)(5)(C), which controls motions to compel that are granted in part and denied in part." *See Flame S.A. v. Indus. Carriers*, 2014 U.S. Dist. LEXIS 136422, *8.

The Fourth Circuit defines a legal position as "substantially justified" where the party opposing the discovery request has a "reasonable basis in law and fact." *Raynor v. GS4 Secure*

*Sols. (USA) Inc.*, 327 F. Supp. 3d 925, 948 (W.D.N.C. 2018), aff'd, 805 F. App'x 170 (4th Cir. 2020). Plaintiff purports his opposition to defendant's contention interrogatories was substantially justified because contention interrogatories are best used later in discovery. "Since interrogatories involving mixed questions of law and fact may create disputes between the parties which are best resolved after much or all of the other discovery has been completed, the court is expressly authorized to defer an answer." Fed. R. Civ. P. 33, advisory committee's note (1970 amendment). While Judge Numbers found it was appropriate for plaintiff to respond to the interrogatories despite the early stage of discovery, plaintiff was substantially justified in his reliance on the Court's authority to defer an answer. *Weyerhauser Co. v. Daniel Int'l Corp.*, No. 4:23-CV-45-FL-KS, 2024 WL 3262609, at *7 (E.D.N.C. July 1, 2024) (engaging in a legitimate dispute over the sequence of discovery constitutes a "substantial justification"). Finding plaintiff's opposition to defendant's contention interrogatories substantially justified, the Court declines to award defendant attorneys' fees.

### III. Defendant's Motion to Compel and for Sanctions against Third-Parties PCX Holding, LLC and King's Transportation, LLC [DE 214]

After Judge Numbers denied plaintiff's motion to quash the subpoenas seeking documents from plaintiff's former and current employers, defendant served PCX Holding, LLC and King's Transportation, LLC with copies of Judge Numbers' order. Neither entity responded. Defendant moved to compel their responses and for sanctions. [DE 214].

Rule 45 of the Federal Rules of Civil Procedure governs subpoenas issued to third parties. In response to such a subpoena, a nonparty may file a motion to quash pursuant to Fed. R. Civ. P. 45(c)(3)(A) or oppose a motion to compel production of the subpoenaed documents pursuant to Fed. R. Civ. P. 45(c)(2)(B). Rule 45 adopts the standard codified in Rule 26, which allows for

discovery of any matter "not privileged, that is relevant to the claim or defense of any party" when the discovery request "appears reasonably calculated to lead to the discovery of admissible evidence." Fed. R. Civ. P. 26(b)(1).

> However, simply because "requested information is discoverable under Rule 26 does not mean that discovery must be had." Rule 26(b)(2) provides that a district court may limit discovery if it concludes that "(i) the discovery sought is unreasonably cumulative or duplicative, or is obtainable from some other source that is more convenient, less burdensome, or less expensive; (ii) the party seeking discovery has had ample opportunity by discovery in the action to obtain the information sought; or (iii) the burden or expense of the proposed discovery outweighs its likely benefit."

*Schaaf v. Smithkline Beecham Corp.*, 233 F.R.D. 451, 453 (E.D.N.C. 2005) (cleaned up, internal citations omitted).

While Judge Numbers determined that defendant's subpoenas to PCX and King's were not so facially inadequate that they must be quashed, the Court is not persuaded that defendant is now entitled to an order enforcing compliance. Plaintiff asks the Court to consider the negative consequences that could result in the subpoenas' enforcement, including plaintiff's exposure to a risk of retaliation and wrongful termination. Given that the subpoenas are broad, and the proposed discovery's burden on plaintiff outweighs its likely benefit, the Court denies defendant's motion to compel and for sanctions.

### IV. Plaintiff's Motion to Transfer Trial Venue

Plaintiff moved, unopposed, to transfer the venue of the trial in this matter from Elizabeth City, North Carolina, to Raleigh, North Carolina.

> The court begins its analysis with the statute creating this court, 28 U.S.C. § 113. It divides North Carolina into three districts by counties (or portions thereof) and designates the cities where court for the district shall be held. 28 U.S.C. § 113. Unlike with some other states, the statute does not also create divisions for each district or require court for a specified division to be held at a certain location. Cf. id. § 115 (dividing the Northern District of Ohio into two divisions and specifying the cities where court for each division shall be held). Rather, court within the

Eastern District of North Carolina can be held at any of seven cities, "Elizabeth City, Fayetteville, Greenville, New Bern, Raleigh, Wilmington, and Wilson." Id. § 113(a). Because the statute creating this district specifies where court may be held within the *district*, there is no statutory right to trial within a division or at a particular city. See United States v. Harman, 349 F.2d 316, 319 (4th Cir. 1965) (holding trial was properly held in a city different from city where indictment was returned in a state where statute divides state into districts and does not divide districts into divisions); Thomas v. Babb, No. 5:10-CV-52-BO, 2015 WL 1275393, at *2 (E.D.N.C. March 19, 2015) (denying the defendants' request to move trial from Elizabeth City to Raleigh and recognizing "[t]he court may exercise discretion to designate one of the statutory locations as a place of trial, even though the case was filed in another location" (citation and internal quotation marks omitted)).

*McKiver v. Murphy-Brown LLC*, No. 7:14-CV-180-BR, 2018 WL 10322918, at *1 (E.D.N.C. Feb. 16, 2018). The request to transfer venue is denied.

## CONCLUSION

For the foregoing reasons, plaintiff's emergency motion to stay United States Magistrate Judge Robert T. Numbers, II's orders [DE 195] is DENIED as MOOT. Defendant's motion for attorneys' fees [DE 197] is DENIED. Defendant's motion to compel and for sanctions against third parties PXC Holding, LLC and King's Transportation, LLC [DE 214] is DENIED. The motion to transfer trial venue [DE 256] is DENIED. Plaintiff's appeal of Judge Numbers' decisions [DE 199] is GRANTED IN PART. To the extent Judge Numbers awarded defendant attorneys' fees for the cost of litigating its motion to compel, that order [DE 188] is REVERSED IN PART. Judge Numbers' other orders [DE 187]; [DE 190]; [DE 191]; [DE 192] are AFFIRMED.

SO ORDERED, this __13__ day of January 2026.

*Terrence Boyle*
TERRENCE W. BOYLE
UNITED STATES DISTRICT JUDGE