UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

| | |
|---|---|
| OVIS MATAMOROS CANALES, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> OPW FUELING COMPONENTS, LLC, ) <br> ) <br> Defendant. ) | **JUDGMENT** <br><br> 5:22-CV-459-BO-RJ |

**Decision by the Court.**
This matter came before the Honorable Terrence W. Boyle on the memorandum and recommendation ("M&R") of United States Magistrate Judge Robert T. Numbers, II. [DE 52]. Defendant objected to part of the M&R.

**IT IS ORDERED, ADJUDGED AND DECREED** that, pursuant to the Court's order entered September 27, 2023, the Court ADOPTED the M&R in its entirety. Defendant's partial motion to dismiss was GRANTED in part and DENIED in part. Plaintiff's claim for intentional infliction of emotional distress was DISMISSED. Plaintiff's claim for wrongful discharge was DISMISSED insofar as it relied on Article 1, §1 of the North Carolina Constitution. Plaintiff amended his complaint.


**Decision by the Court.**
This matter came before the Court on plaintiff's motion for conditional class certification and for certification pursuant to Fed. R. Civ. P. 23. [DE 167].

**IT IS ORDERED, ADJUDGED AND DECREED** that, pursuant to the Court's order entered March 25, 2025, plaintiff's motion to conditionally certify the class and for Rule 23 class certification is DENIED. [DE 167].


**Decision by the Court.**
This cause came before the Honorable Terrence W. Boyle on cross-motions for summary judgment. Plaintiff moved first for partial summary judgment. [DE 229]. Defendant then moved for summary judgment. [DE 235].

**IT IS ORDERED, ADJUDGED AND DECREED** that, pursuant to the Court's order entered December 23, 2025, the cross-motions for summary judgment [DE 229]; [DE 235] were DENIED.

**Jury Verdict.**
The remaining claims in this action came before the Honorable Terrence W. Boyle for a trial by jury. The issues have been tried and the jury rendered its verdict on February 10, 2026.

**IT IS ORDERED, ADJUDGED AND DECREED** that plaintiff failed to prove by a preponderance of the evidence that he did not receive the wages he had been promised and had earned.

**IT IS FURTHER ORDERED, ADJUDGED AND DECREED** that plaintiff failed to prove by a preponderance of the evidence that defendant did not pay him overtime pay for workweeks where he worked more than 40 hours.

**IT IS FURTHER ORDERED, ADJUDGED AND DECREED** that plaintiff failed to prove by a preponderance of the evidence that he engaged in a legally protected activity.

**This judgment filed and entered on February 10, 2026, and served on:**
Gilda Hernandez (via CM/ECF Notice of Electronic Filing)
Briahna Koegel (via CM/ECF Notice of Electronic Filing)
Matthew Marlowe (via CM/ECF Notice of Electronic Filing)
Samuel Frazelle (via CM/ECF Notice of Electronic Filing)
David Klass (via CM/ECF Notice of Electronic Filing)
Nicholas Hulse (via CM/ECF Notice of Electronic Filing)
Sharon Suh (via CM/ECF Notice of Electronic Filing)

February 10, 2026

PETER A. MOORE, JR., CLERK

*Lindsay Stouch*
By: Deputy Clerk